IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION**, as subrogee of Roger Meisinger,<br><br>Plaintiff,<br><br>v.<br><br>**OMEGA FLEX, INC.**, a Pennsylvania Corporation,<br><br>Defendant. | CASE NO. 8:10CV431<br><br>MEMORANDUM AND ORDER REMANDING ACTION |

This matter is before the Court on the Plaintiff's Motion to Remand (Filing No. 12). Defendant Omega Flex, Inc. ("Omega"), removed the action to this Court on November 9, 2010, on the grounds of diversity of citizenship, asserting that Plaintiff United Services Automobile Association ("USAA") "is an Association domiciled in the State of Texas" and "Defendant represents that it is a Pennsylvania corporation with its principal place of business in Pennsylvania." (Notice of Removal, Filing No. 1, at 1.) USAA asks the Court to remand the action to the District Court of Sarpy County, Nebraska, for the reason that this Court lacks diversity jurisdiction.

As an unincorporated association, USAA argues that it is a citizen of each and every state in which it has members. (Affidavit of George Joy, Filing No. 17-1, ¶ 3.) USAA has presented evidence to the effect that it has approximately 2.43 million members, 56,745 of whom reside in Pennsylvania. (*Id.*, ¶¶ 7-9.) Omega argues that USAA should be estopped from denying that diversity jurisdiction exists, because USAA has taken contrary positions in other litigation. (Filing No. 15, at 5.)

As the party opposing remand, Omega has the burden of establishing federal subject matter jurisdiction. *Transit Cas. Co. v. Certain Underwriters at Lloyds of London*, 119 F.3d 619, 625 (8th Cir. 1997) ("[A] district court is required to resolve all doubts about

federal jurisdiction in favor of remand."); *Green v. Ameritrade, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002) ("The party opposing remand has the burden of establishing federal subject-matter jurisdiction.").

Omega relies upon the decisions in *United Servs. Auto. Ass'n v. Muir*, 792 F.2d 356 (3d Cir. 1986), and *United Servs. Auto. Ass'n v. Foster*, 783 F. Supp. 916 (M.D. Pa. 1992). In *Muir*, the Third Circuit stated in a footnote that "[f]or diversity purposes, USAA and its subsidiaries are residents of Texas." *Muir,* 792 F.2d at 359 n.1. As USAA notes, however, the district court and appellate court in *Muir* also had federal question jurisdiction, and the diversity matter was not pivotal or subjected to analysis. Similarly, in *Foster* the court had federal question jurisdiction, and USAA amended its complaint "to delete a reference to diversity jurisdiction which plaintiffs have since found does not apply." *Foster,* 783 F. Supp. at 919 n.8.

USAA refers the Court to the decisions in *Norton v. Gurley*, 2000 WL 1408168 (E.D. La. 2000), and *Ourso v. United Servs. Auto. Ass'n*, 2007 WL 275902 (E.D. La. 2007), in which the citizenship of USAA was specifically litigated. In *Norton*, the district court stated:

> The evidence submitted . . . shows that USAA is not a corporation but instead an unincorporated association, or otherwise referred to as a reciprocal insurance exchange, organized under the laws of Texas.
>
> The United States Fifth Circuit Court of Appeals has determined that "an unincorporated association is considered to have the citizenship of its members." USAA has members residing in all fifty states . . . . [T]his suit lacks complete diversity and a dismissal of the action is required.

*Norton*, 2000 WL 1408168, at *1 (citations omitted).

Similarly, in *Ourso,* another judge of the same district court determined that USAA was an unincorporated association having members in all fifty states, defeating the plaintiff's claim of federal diversity jurisdiction. *Ourso,* 2007 WL 275902, at *1.

The United States District Court for the Eastern District of Missouri, and the United States Court of Appeals for the Eighth Circuit reached the same conclusion in 1994. *Lewis v. United Servs. Auto. Ass'n,* 45 F.3d 433, No. 94-2284, 1994 WL 717650, at *1 (8th Cir. Dec. 29, 1994) ("[T]he district court correctly determined that the Lewises failed to show complete diversity with USAA, which, as an unincorporated association, is a citizen of the states of each of its members.").

Although USAA may have taken a contrary position when asserting diversity jurisdiction decades ago in pleadings unrelated to the case now before this Court, it is not "estopped" from denying the existence of such jurisdiction in this case. A party cannot confer subject matter jurisdiction upon the Court when none exists. See *Insurance Corp. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."). All evidence before the Court indicates that USAA is an unincorporated association with members in all fifty states, including Pennsylvania. Accordingly, Omega has not met its burden of establishing subject matter jurisdiction, and USAA's Motion to Remand will be granted.

IT IS ORDERED:

1. The Plaintiff United Services Automobile Association's Motion to Remand (Filing No. 12) is granted; and

2. This action is remanded to the District Court of Sarpy County, Nebraska.

DATED this 5th day of May, 2011.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        United States District Judge